### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PEDRO LUIS BAEZ-SANTOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-70-SLP |
| | ) | |
| DON JONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **O R D E R**

Petitioner, Pedro Luis Baez-Santos, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Before the Court is the Report and Recommendation [Doc. No. 15] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 16], to which Petitioner has responded, *see* [Doc. No. 18], and the matter is at issue.  The Court reviews de novo any portion of the R&R to which a specific objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS in PART the Petition.

Petitioner is a citizen of Cuba.  On or around September 18, 2021, he entered the United States.  That same day, U.S. Border Patrol officials detained Petitioner.  *See* [Doc. No. 8-1] at 1.  Petitioner was eventually released from custody on an Order of Release on Recognizance.

Petitioner was redetained by ICE on or around December 23, 2025, pursuant to 8 U.S.C. § 1225(b)(2)(A).  Petitioner is detained at the Kay County Detention Center in Newkirk, Oklahoma.[1]  Petitioner has been continuously detained without a bond since his arrest pursuant to the mandatory detention provision set forth in § 1225(b)(2)(A).

On January 16, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution.  Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Magistrate Judge issued a thorough and well-reasoned R&R and recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge also recommended that the Court order Respondents to certify compliance by filing a status report within ten days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claims.[2]

---

[1] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited March 19, 2026).

[2] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's due process claim and the Court concurs with that recommendation.  Petitioner argues in his Response to Respondent's Objections [Doc. No. 18] that he is entitled to immediate

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).  The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Court further adopts the reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues.  In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial district,[3] in district courts within the Tenth Circuit[4] and across the country[5] to have addressed the same issues as those raised by Petitioner.[6]  The Court's decision is also in accord with the Seventh Circuit, which rejected the statutory interpretation of §1225(b)(2) as urged by Respondents.  *See Castañon-Nova v. U.S. Dep't*

---

release rather than a bond hearing.  *See generally* Pet. Resp. [Doc. No. 18] at 1-2.  However, such request is not before this Court as it is improperly raised in a response to an objection.

[3] *See, e.g., Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 at *2 (W.D. Okla. Jan. 13, 2026) (collecting cases in this judicial district finding that § 1252(g) does not present a jurisdictional bar); *Lopez*, 2026 WL 165490 at *5 (collecting cases in this judicial district concluding that §1225(b)(2) does not govern the petitioner's detention).

[4] *See, e.g.*, *Aguilar Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

[5] *See, e.g., Lopez*, 2026 WL 165490 at *7 (collecting cases concluding that §1226(a) is the governing statutory framework).

[6] The Court is certainly aware of authority to the contrary, including two decisions entered in this judicial district.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025).

*of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026).  Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED and the Petition [Doc. No. 1] is GRANTED in PART as follows:

1.      Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

2.      Count IV is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Respondents shall certify their compliance with this Order by filing a status report within ten (10) business days of this Order.  The status report shall detail whether Petitioner was released or provided a bond hearing (and the results of any bond hearing), including the associated dates with either action.

A separate judgment shall be entered.

IT IS SO ORDERED this 19th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

4